**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marissa DeVault,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>　　　　Defendants. | No. CV 11-1423-PHX-RCB (MEA)<br><br>**ORDER** |

## I. Procedural History

On March 10, 2011, Plaintiff Marissa DeVault, who is represented by attorney Keith M. Knowlton, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants Maricopa County; Sheriff Joe Arpaio; Zandra S. Nocera, MD; Arcadia Radiology; Dr. Gan; Dr. G. Gregorio; D. Rogers RN; Theresa Mitchell-Lopen, MA; Dr. V; Doctor #190; Dr. Gaskins; S. Daniels RN; S. Perez RN; M. Johnson, PA-C SC145, and a variety of fictitiously named defendants.

On July 18, 2011, Defendants Maricopa County, Arpaio, Gan, Gregorio, Mitchell-Lopen, Rogers, Dr. V, Hanson (Doctor #190), Gaskins, Daniels, Perez, and Johnson, who are represented by Maricopa County Deputy Attorney Sherle R. Flaggman, filed a Notice of Removal (Doc. 1).[1]

---

[1] According to the Supplemental Civil Cover Sheet, Defendants Nocera and Arcadia Radiology have been served, but their attorney is unknown; Defendants Dr. V, Rogers, and

## II. Removal

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In her March 10, 2011 Complaint, Plaintiff raises, among other things, a claim under 42 U.S.C. § 1983. This Court's jurisdiction extends to such claims. 28 U.S.C. §§ 1331, 1343(a). Removal, therefore, is appropriate.

## III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## IV. Complaint

Plaintiff received an ankle surgery prior to being detained in the Maricopa County Jail. Her Complaint concerns care she received while detained.

In Count One, Plaintiff alleges that the "Medical Defendants"[2] violated her Fourth, Eighth, and Fourteenth Amendment rights because they were deliberately indifferent to providing her with proper medical care and treatment for her injury. Plaintiff contends that Defendant Maricopa County violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights because it has a "history of and/or maintain[s] a custom, policy, practice, and/or procedure of deliberate indifferent to medical care and treatment for inmates." Plaintiff asserts that Defendant Maricopa County knowingly and intentionally allows unconstitutional conditions to exist regarding inmates' medical needs and is "aware of and disregarded

---

Daniels are represented by attorney Flaggman, but have not been served.

[2] In her Complaint, Plaintiff identifies the "Medical Defendants" as Defendants Gan, Gregorio, Rogers, Mitchell-Lopen, Dr. V, Doctor #190 (Hanson), Gaskins, Daniels, Perez, Johnson, and Nocera.

systemic and gross deficiencies in medical staffing and procedures." Plaintiff also claims that Defendants Maricopa County and Arpaio "failed to properly train and supervise the Medical Defendants and detention Officers" in how to provide proper medical care and treatment and in dealing with sick and injured inmates.

In Count Two, Plaintiff alleges that Defendant Maricopa County and the Medical Defendants were negligent or grossly negligent in failing to provide Plaintiff with appropriate medical care and treatment. Plaintiff also contends that Defendant Maricopa County was negligent or grossly negligent in failing to: provide Plaintiff with prompt emergency medical care and treatment; put in place policies, procedures, and staff to ensure that Plaintiff could receive a "prompt, accurate and professional evaluation of her medical condition and quick, prompt and professional medical care and treatment"; and have competent and fully trained medical personnel on staff. Plaintiff also asserts that Defendant Maricopa County failed to properly train and supervise the Medical Defendants and that Defendants Maricopa County and Arpaio failed to train and supervise the detention officers. Plaintiff also claims that Defendants Maricopa County and Arpaio are liable under *respondeat superior* for their employees' negligent acts.

In her Request for Relief, Plaintiff seeks monetary damages and her attorney's fees.

The Court will require Defendants Maricopa County, Arpaio, Nocera, Arcadia Radiology, Gan, Gregorio, Rogers, Mitchell-Lopen, Dr. V, Doctor #190 (Hanson), Gaskins, Daniels, Perez, and Johnson to answer the Complaint. Although the Court will not require the fictitiously named Defendants to answer the Complaint at this time, the Court will not dismiss the claims against them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds). If Plaintiff later discovers the identity of the fictitiously named Defendants, Plaintiff can amend or seek to amend her Complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) Defendants Maricopa County, Arpaio, Nocera, Arcadia Radiology, Gan, Gregorio, Rogers, Mitchell-Lopen, Dr. V, Doctor #190 (Hanson), Gaskins, Daniels, Perez, and Johnson must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(2) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(3) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 22nd day of July, 2011.

Robert C. Broomfield
Senior United States District Judge