WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marissa DeVault, | ) | No. CV 11-1423-PHX-RCB (MEA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Maricopa County, et al., | ) ) | |
| Defendants, | ) ) | |

Pending before the Court is Magistrate Judge Aspey's Report and Recommendation as to Defendants' Motion to Dismiss and Plaintiff's Motion to Strike (Docs. 35, 28, 31). The Magistrate Judge recommended that (1) the motion to dismiss be granted with respect to Plaintiff's 42 U.S.C. § 1983 claim, (2) Plaintiff's state-law claim be remanded to the Maricopa County Superior Court, and (3) Plaintiff's motion to strike be denied. The Magistrate Judge further advised the parties that they had fourteen days to file objections to the R&R (Doc. 35 at 15 (citing Federal Rule of Civil Procedure 72(b)). No objections were filed.

Because the parties did not file objections, the Court need not review any of the Magistrate Judge's determinations on dispositive matters. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); United States v. Reyna-Tapia, 328 F.3d 1114, 112 (9th Cir. 2003); Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the Magistrate Judge's ruling on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("A party may serve and file

1 objections to the order within 14 days after being served with a copy [of the magistrate's
2 order]. A party may not assign as error a defect in the order not timely objected to.");
3 Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996); Philipps v. GMC, 289
4 F.3d 1117, 1120-21 (9th Cir. 2002).

5 Notwithstanding the absence of an objection, the Court has reviewed the R&R and finds that it is well taken because the evidence establishes that Plaintiff did not exhaust her administrative remedies and did not establish that any remedy was unavailable. More specifically, Plaintiff introduced no evidence that she could not pursue the jail's grievance procedure upon her release from the hospital. And her belief there was nothing to gain from pursuing the grievance procedure does not excuse her failure to do so. Porter v. Nussle, 534 U.S. 516, 523 (2002). The Court will therefore accept the R&R, dismiss Plaintiff's § 1983 claim, and remand Plaintiff's state-law claim to the Maricopa County Superior Court.

**IT IS ORDERED:**

(1) The Report and Recommendation of the Magistrate Judge (Doc. 35) is **accepted**.

(2) Defendants' Motion to Dismiss (Doc. 28) is **granted**.

(3) Plaintiff's Motion to Strike (Doc. 31) is **denied**.

(4) Plaintiff's section 1983 claim (Count I) is dismissed for failure to exhaust administrative remedies and her state-law claim (Count II) is remanded to the Maricopa County Superior Court.

(5) The Clerk of Court must terminate this action.

DATED this 7th day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge